### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF INDIANA
### INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| Ashley Masters, f/k/a Lema, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.   1:16-cv-1538 |
| | ) | |
| I.C. System, Inc., a  Minnesota corporation, | ) ) | |
| | ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

### COMPLAINT

Plaintiff, Ashley Masters, f/k/a Lema, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

### JURISDICTION AND VENUE

1.      This Court has jurisdiction, pursuant to § 1692k(d) of the FDCPA and 28 U.S.C. § 1331.

2.      Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and, c) Defendant resides and transacts business here.

### PARTIES

3.      Plaintiff, Ashely Masters ("Masters"), is a citizen of the State of Indiana, residing in the Southern District of Indiana, from whom Defendant attempted to collect a delinquent consumer debt.

4.      Defendant, I.C. System, Inc.  ("IC System"), is Minnesota corporation that

acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails, the telephone and/or credit reporting to collect, or attempt to collect, delinquent consumer debts, including delinquent consumer debts in the Southern District of Indiana.  In fact, IC System was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

5.      Defendant IC System is authorized to conduct business in Indiana, and maintains a registered agent here, see, record from the Indiana Secretary of State, attached as Exhibit A.  In fact, Defendant IC System conducts business in Indiana.

6.      Defendant IC System is licensed as a debt collection agency in the State of Indiana, see, record from the Indiana Secretary of State, Securities Division, attached as Exhibit B.  In fact, Defendant IC System acts as a collection agency in Indiana.

## FACTUAL ALLEGATIONS

7.      Due to mounting financial difficulties, on June 8, 2015, Ms. Masters and her husband filed a Chapter 13 bankruptcy petition in a matter styled In re: Masters, S.D. Ind. Bankr. No. 15-04940-JJG-13.

8.      Accordingly, Ms. Masters' bankruptcy is a matter of public record, is listed on her credit report (see, attached Exhibit C), and is readily discoverable by any competent debt collector via one of the bankruptcy "scrub" services such as Lexis/ Nexis' Banko service.

9.      On May 6, 2016, Ms. Master's attorney, Steven J. Halbert, informed IC System that Ms. Master's was represented by counsel, and informed IC System that the debt at issue was disputed and that she is in an ongoing Chapter 13 bankruptcy, and

that it must correct its incorrect reporting on Ms. Master's Experian credit report.  A copy

of this letter is attached as Exhibit <u>D</u>.

10.     Nonetheless, Defendant IC System updated its credit reporting on June

11, 2016, to allege that Ms. Master had a past due account in the amount of $78, but

failed to note that it was covered by the pending bankruptcy.  A copy of the pertinent

part of Ms. Masters' Experian credit report is attached as Exhibit <u>E</u>.

11.     Defendant's improper credit reporting is material because Defendant's

continued collection efforts made Plaintiff believe that her exercise of her rights through

filing bankruptcy may have failed and that she may not get the fresh start that Congress

had granted her under the FDCPA and the Bankruptcy Code.

12.     All of Defendant IC System collection actions at issue in this matter

occurred within one year of the date of this Complaint.

13.     Defendant's collection communications are to be interpreted under the

"unsophisticated consumer" standard.  <u>See</u>, <u>Gammon v. GC Services, Ltd. Partnership</u>,

27 F.3d 1254, 1257 (7th Cir. 1994).

**COUNT I**
**Violation Of § 1692e Of The FDCPA --**
**False, Deceptive Or Misleading Collection Actions**

14.     Plaintiff adopts and realleges ¶¶ 1-13.

15.     Section 1692e of the FDCPA prohibits a debt collector from using any

false and/or any deceptive or misleading representation or means in connection with the

collection of a debt, including, but not limited to, the false representation of the

character, amount or legal status of any debt, <u>see</u> 15 U.S.C. § 1692e(2)(A).  Moreover,

debt collectors are barred from threatening to take any action that the collector cannot

legally take, <u>see</u>, 15 U.S.C. § 1692e(5).

16.     Credit reporting is a form of debt collection. Reporting that a debt is still owed, when it is covered by an ongoing bankruptcy, is false and/or deceptive or misleading, in violation of § 1692e of the FDCPA.  <u>Randolph v. IMBS, Inc.</u>, 368 F3d 726, 728-730 (7th Cir. 2004).

17.     Defendant IC System's violation of § 1692e of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees.  <u>See</u>, 15 U.S.C. § 1692k.

**COUNT II**
**Violation Of § 1692f Of The FDCPA --**
**Unfair Or Unconscionable Collection Actions**

18.     Plaintiff adopts and realleges ¶¶ 1-13.

19.     Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect a debt, <u>see</u>, 15 U.S.C. § 1692f.

20.     Reporting that a debt is still owed, when it is covered by an ongoing bankruptcy, constitutes the use of an unfair or unconscionable means to collect or attempt to collect a debt.

21.     Defendant, by reporting that a debt is still owed, when it is covered by an ongoing bankruptcy, used an unfair or unconscionable means to collect a debt, in violation of § 1692f of the FDCPA.

22.     Defendant IC System violation of § 1692f of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees.  <u>See</u>, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Ashley Masters, f/k/a Lema, prays that this Court:

1.      Find that Defendant IC System's debt collection actions violated the

FDCPA;

2.      Enter judgment in favor of Plaintiff Masters, and against Defendant, for

actual and statutory damages;

3.      Award Plaintiff her costs and reasonable attorneys' fees; and,

4.      Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Ashley Masters, f/k/a Lema, demands trial by jury.

Ashley Masters, f/k/a Lema,

By:/s/ David J. Philipps____
One of Plaintiff's Attorneys

Dated:  June 22, 2016

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps      (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com

Steven J. Halbert     (Ind. Bar No. 14254-02)
11805 N. Pennsylvania Street
AmeriCenters Building
Carmel, Indiana 46032
(317) 706-6762
(317) 706-6763 (FAX)
shalbertlaw@aol.com